CHARLES W. HURLBURT ET AL. *vs.* EMIL A. BUSSEMEY ET AL.

First Judicial District, Hartford, October Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

A view of the *locus* by the trial court may render it impossible for that tribunal, upon appeal, to certify all, and therefore any, of the material evidence touching a given point (Pr. Bk., p. 309, § 12); but such inability affords no justification for the trial court's refusal to certify the evidence respecting other points or questions involved in the case which is requested by the appellant in order to test the correctness of the finding; and under such circumstances this court will, upon proper motion, order the evidence as to these other points to be certified and printed as part of the appeal record.

Argued October 2d—decided November 17th, 1923.

MOTION in writing by plaintiff to this court for an order requiring the *Hon. George E. Hinman*, a Judge

of the Superior Court, to certify all the evidence in the case and cause the same to be printed as part of the record on appeal. *Motion granted in part.*

*Ulysses G. Church,* for the plaintiffs (in support of the motion).

*Clayton L. Klein,* for the defendants (in opposition to the motion).

PER CURIAM. The plaintiffs duly appealed to this court from the judgment of the Superior Court, assigning in their reasons of appeal the corrections of the finding which they desired made under General Statutes, § 5832. The trial judge denied the motion, and the plaintiffs move this court that an order be entered that the evidence be certified and printed on this appeal.

The issue raised by the complaint concerned the title to the premises known as the "bar," between Deer Island in Bantam Lake and the mainland, and its extent and boundaries. The plaintiffs filed a very extended motion to correct the finding, and in order to have the ruling of the court thereon reviewed in this court moved to have all the evidence in the case certified. The court denied the motion upon the ground that it was impossible "to adquately describe and set forth all the things observed by the court upon its view of the premises, relating to the *locus* and its surroundings and material to a conclusion as to the extent and boundaries of the so-called 'bar,' upon which question plaintiffs' claimed title to the *locus* depends." In its ruling the court adopted the ground of defendants' counsel on his motion that the court should refuse to certify all the evidence.

We have examined the record sufficiently to as-

certain that there are comparatively few of the corrections asked for which involve matters which could have been affected by the court's view of the *locus.* This leads us to conclude that both defendants' counsel and the trial court held an erroneous view of § 12 of the Rules of the Supreme Court of Errors. Practice Book, p. 309. The rule, applied to a case such as this, provides that the court may refuse to certify the evidence as to any point when it shall find it impossible to certify all the material evidence as to that point because its view of the *locus* has developed facts in reliance upon which its finding as to this point has been made. It may refuse to certify the evidence to be used for the purpose of correcting the finding as to this point or points. It may not refuse to certify the material evidence as to other claimed corrections for this reason. The ruling of the court interprets the rule as authorizing the trial court to refuse to certify the evidence for the purpose of correcting the finding, when its view of the *locus* may have affected its finding as to one point, but as to all the rest of the corrections claimed had no such relation. Such an interpretation would prevent corrections of a finding in any particular where the court had viewed the *locus;* and of necessity would require counsel to refuse to agree that the court might view the premises, although occasionally such practice will be found helpful to the trial court.

The motion is granted in so far as to require the material evidence as to any and all corrections of the finding as requested, to be certified and printed by the court, except as to any point or points therein, in the finding of which its view of the premises so entered as to make it impossible to certify the evidence as to such point or points.